UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARVIND MIKE VIRA ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-5858<br>c/w 17-6211 |
| S&R DEVELOPMENT, INC. | SECTION "F" (2) |

## REPORT AND RECOMMENDATION

Defendant's Second Motion to Enforce Settlement Agreement and for Sanctions, Record Doc. No. 32, has been referred to me. Record Doc. No. 36. At the request of counsel for defendant, S&R Development, Inc. ("S&R"), Record Doc. No. 35, and pursuant to Local Rule 78.1, oral argument was conducted on **JUNE 13, 2018**. No appearance was made at the hearing by counsel or any representative on behalf of the other parties, Arvind Mike Vira, Airport Motel, L.L.C., and 1300 Holiday Inn Airport, LLC (hereafter "Vira"). A followup conference concerning the motion was conducted via telephone on June 18, 2018. Counsel for both sides appeared and participated. Record Doc. No. 40.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's Second Motion to Enforce Settlement Agreement and for Sanctions, Record Doc. No. 32, submitted for determination on June 13, 2018 with oral argument, has been submitted. Accordingly,

this motion is deemed to be unopposed. However, it appears from my independent review that the motion has merit only in part. Thus, it is recommended that the motion be granted in part and denied in part as follows.

I.     FACTUAL AND PROCEDURAL BACKGROUND

These consolidated cases arise from a dispute over the construction of a hotel on Vira's property in Kenner, Louisiana, for which S&R was the general contractor. Both sides filed suit against each other alleging breach of contract, with the court's jurisdiction based on diversity of citizenship.

On February 8, 2018, I conducted a settlement conference. Counsel for both parties advised me that a settlement had been reached. Record Doc. No. 19. However, no settlement agreement was dictated in open court or reduced to writing. Instead, the agreement was merely outlined in a subsequent exchange of emails between the parties' counsel. On February 15, 2018, the presiding district judge entered an order of dismissal, retaining jurisdiction for all purposes, including enforcing the settlement agreement entered into by the parties. Record Doc. No. 21.

Vira breached that initial agreement. S&R filed a first Motion to Enforce Settlement and for Sanctions on February 27, 2018. Record Doc. No. 23. The motion was referred to me. Record Doc. No. 26.

On February 28, 2018, at the request of the parties, I conducted a followup conference, during which the parties amended their original agreement and settled

pursuant to revised terms. That agreement was recorded in open court. Record Doc. No. 25. With the consent of S&R's counsel, I twice continued S&R's first Motion to Enforce Settlement and for Sanctions, as Vira had complied in March and April 2018 with one provision of the amended settlement agreement that he make monthly payments of $50,000 to S&R. Record Doc. Nos. 28, 31.

However, on May 8, 2018, S&R filed a Second Motion to Enforce Settlement and for Sanctions, Record Doc. No. 32, which was referred to me. Record Doc. No. 36. I dismissed the first motion, which was based on the initial, unrecorded agreement, without prejudice, Record Doc. No. 34, and heard oral argument on the second motion. Record Doc. No. 39. At the motion hearing, S&R's counsel advised the court for the first time that the settlement agreement previously dictated into the court's record had subsequently been reduced to writing and signed by the parties, with an effective date of February 8, 2018. Counsel provided the court with a copy of the written agreement. Defendant's Exh. 1. In addition, counsel for S&R submitted Defendant's Exhibit 2 (copy of a state court lawsuit filed by a lienholder which Vira has failed to pay as required by the settlement agreement); Exhibit 3 (copy of a demand letter received from another lienholder which Vira has failed to pay); and an in camera exhibit supporting S&R's request for attorney's fees. Record Doc. No. 39.

II.     ANALYSIS

    A.     Applicable Law

"Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." Sundown Energy, L.P. v. Haller, 773 F.3d 606, 611 (5th Cir. 2014) (quotation omitted). "A district court may summarily enforce a settlement agreement if no material facts are in dispute . . . ." In re DEEPWATER HORIZON, 786 F.3d 344, 354 (5th Cir. 2015) (citing Mid-S. Towing Co. v. Har-Win, Inc., 733 F.2d 386, 390 (5th Cir. 1984); Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969)).[1]

The parties' dispute over the construction contract "was a diversity case in which Louisiana law supplied the rules of decision." HDRE Bus. Partners Ltd. Grp., L.L.C. v. RARE Hosp. Int'l, Inc., 834 F.3d 537, 539 (5th Cir. 2016). "We therefore apply Louisiana law to interpret the settlement agreement." Sundown Energy, 773 F.3d at 611.

"Under Louisiana law, 'interpretation of a contract is the determination of the common intent of the parties.'" Apache Corp. v. W & T Offshore, Inc., 626 F.3d 789, 794 (5th Cir. 2010) (quoting La. Civ. Code art. 2045). "In addition, '[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further

---

[1] The court is disappointed that, although various legal issues are raised by the relief sought in S&R's motion, its memorandum in support contains not a single citation to any applicable law.

interpretation may be made in search of the parties' intent.' Thus, [u]nder Louisiana law, the interpretation of an unambiguous contract is an issue of law for the court." Id. (quoting La. Civ. Code art. 2046) (additional quotation omitted; brackets in original); accord HDRE Bus. Partners, 834 F.3d at 540 (citing Hoffman v. Travelers Indem. Co., 133 So. 3d 993, 997-98 (La. 2014)).

> An obligation is conjunctive when it binds the obligor to multiple items of performance that may be separately rendered or enforced. In that case, each item is regarded as the object of a separate obligation. The parties may provide that the failure of the obligor to perform one or more items shall allow the obligee to demand the immediate performance of all the remaining items.

La. Civ. Code art. 1807.

"A term for the performance of an obligation may be express or it may be implied by the nature of the contract. Performance of an obligation not subject to a term is due immediately." Id. art. 1777 (emphasis added). "Under this Article, performance of an obligation not subject to a term is due immediately. Nevertheless, the obligee must allow the obligor a period of time to complete the performance that is commensurate with its nature, for instance, the time necessary to wrap or crate a thing bought for on-the-spot delivery." Id. revision comment (c).

B. The Motion

S&R seeks to enforce the written settlement agreement, which by law and its own terms supersedes the agreement that was dictated into the court's record. Defendant's

Exh. 1, Record Doc. No. 39, ¶ 12; see also La. Civ. Code art. 1881 ("Novation takes place when, by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. . . . Novation takes place also when the parties expressly declare their intention to novate an obligation.").

The written agreement imposes essentially two obligations on Vira: (1) to pay S&R $400,000 in installments of $50,000 per month beginning on March 15, 2018 until paid in full, with a discounted amount of $377,250.00 to be full satisfaction of the obligation if all payments are timely made through July 15, 2018; and (2) to indemnify, defend and hold S&R harmless from all Secured Claims, as defined in the agreement. Defendant's Exh. 1, Record Doc. No. 39, ¶¶ 3(a), 3(c) and 9. It is undisputed that Vira has made each of the monthly payments to S&R as required to date. Thus, Vira has so far performed some of the obligations contained in the settlement agreement. It is also undisputed, however, that Vira has failed to pay any of the Secured Claims or to defend, hold harmless and indemnify S&R as to those claims, as required by the agreement.

S&R's motion requests seven forms of relief, Record Doc. No. 32 at pages 4 through 5. However, only some of the requested relief is required by the unambiguous language of the parties' contract; other components of the relief requested in the motion are not authorized or expressly contained in the settlement agreement. Only those portions unambiguously provided for in the contract should be enforced. Accordingly,

I recommend that the motion be GRANTED IN PART AND DENIED IN PART, as follows.

(a) The motion should be granted as to the relief sought in paragraph (a) of S&R's motion. The written settlement agreement is in evidence. Defendant's Exh. 1, Record Doc. No. 39. It is undisputed that paragraphs 3(a) and 9 of the contract require Vira to make payment to all creditors of the property at issue that have filed liens on the property (the "Secured Claimants") as of February 8, 2018, the effective date of the settlement agreement (the "Secured Claims"), and obligate Vira to indemnify, defend and hold S&R harmless from any claims brought relating to the Secured Claims. More than four months have lapsed since the settlement agreement was executed; yet, Vira has offered no evidence that he has paid any lienholders or defended, indemnified or held S&R harmless from claims being asserted by lienholders. Thus, it is undisputed that Vira has breached these obligations imposed by the settlement agreement.

(b) The motion should be denied as to the relief sought in paragraph (b) of S&R's motion. The settlement agreement does <u>not</u> require Vira "to make direct <u>contact</u> with each of the Secured Claimants . . . to make arrangements for making said payment." Record Doc. No. 32 at p. 5 (emphasis added). S&R argues that such contact to make payment arrangements is implicit in the contract, but this argument is not supported by either the agreement's unambiguous language or Louisiana law, which requires the court to ascertain the intent of the parties solely from that language. Instead, Vira's obligation

-7-

under the Louisiana law cited above was to pay the lienholders within a time period commensurate with the nature of the obligation. A reasonable time period during which payment should have been made has now passed and Vira has made no contrary argument.

(c) The motion should be denied as to the relief sought in paragraph (c) of S&R's motion. The settlement agreement does <u>not</u> require Vira "to enter into a written agreement with each of the Secured Claimants" memorializing their payment arrangements. <u>Id.</u>

(d) The motion should be denied as to the relief sought in paragraph (d) of S&R's motion. The agreement does <u>not</u> require Vira to "pay all fees and expenses incurred by S&R in reopening this case and pursuing both its First and Second Motion to Enforce Settlement, including all attorneys' fees and court costs." <u>Id.</u> "Under Louisiana law, attorney's fees ordinarily are not recoverable unless specifically authorized by statute or contract." <u>Hollybrook Cottonseed Processing, L.L.C. v. Am. Guar. & Liab. Ins. Co.</u>, 772 F.3d 1031, 1036 (5th Cir. 2014) (citing <u>Quealy v. Paine, Webber, Jackson & Curtis, Inc.</u>, 475 So. 2d 756, 763 (La. 1985); Russ Herman, 1 <u>La. Prac. Pers. Inj.</u> § 5:14 (2014)). The settlement agreement contains <u>no</u> provision for payment of attorney's fees or costs, and S&R has cited no statute that would permit such an award.

(e) The motion should be granted as to the relief sought in paragraph (e) of S&R's motion. The settlement agreement unambiguously requires Vira to indemnify, defend

and hold S&R harmless from any claims brought relating to the Secured Claims. S&R has submitted undisputed evidence that it paid $5,802.68 on May 2, 2018, to Quaker Window Products Co., a Secured Claimant, in full payment of Quaker's lien on the property at issue. Defendant's Exh. 3, Record Doc. No. 32-4. Vira must reimburse S&R for this amount. S&R has also submitted undisputed evidence that other lienholders have now either filed suit against S&R or submitted demands for payment to S&R. No evidence indicates that Vira has defended, indemnified or held S&R harmless from such claims.

(f) The motion should be denied as to the relief sought in paragraph (f) of S&R's motion. The contract does not require Vira to "pay all fees and expenses incurred by S&R in dealing with all Secured Claimants of the subject property, including all attorneys' fees, which the Plaintiffs have agreed to indemnify, defend, and hold S&R harmless for." Record Doc. No. 32 at p. 5. The only amounts for which Vira agreed to indemnify S&R are the Secured Claims, as defined in paragraphs 3(a) and 9 of the settlement agreement. The agreement is silent regarding attorney's fees and expenses incurred by S&R related to this indemnification. The court cannot read such a term into the unambiguous contract and S&R has cited no law that would permit it to recover such fees and expenses.

(g) The motion should be denied as to the relief sought in paragraph (g) of S&R's motion, which seeks an award of "monetary sanctions for [Vira's] willful, vexatious and

bad faith refusal to honor and carry out the terms of this settlement agreement." Id. Acknowledging at the hearing that the contract itself does not provide such a remedy, S&R argued for the first time that the court has inherent authority to sanction Vira for his breach of the settlement agreement.

The federal courts' inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases" includes "'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.' And one permissible sanction is an 'assessment of attorney's fees'–an order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (quotations omitted) (emphasis added). The court may "use that power to sanction conduct, if it is in direct defiance of the sanctioning court, or constitutes disobedience to the orders of the Judiciary. Inherent power, however, may be exercised only if essential to preserve the authority of the court." Positive Software Sols., Inc. v. New Century Mortg. Corp., 619 F.3d 458, 460 (5th Cir. 2010) (quotations omitted) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Natural Gas Pipeline Co. v. Energy Gathering, Inc., 86 F.3d 464, 467 (5th Cir. 1996); CJC Holdings, Inc. v. Wright & Lato, Inc., 989 F.2d 791, 794 (5th Cir. 1993)).

"'Pursuant to its inherent power, a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Seals v.

-10-

Herzing Inc., 482 F. App'x 893, 897 (5th Cir. 2012) (quoting Chambers, 501 U.S. at 45-46) (internal quotations omitted). In Seals, the Fifth Circuit held that the district court had not abused its discretion in awarding defendant's attorneys' fees and costs associated with opposing plaintiff's motion and pursuing its own motion to enforce a settlement agreement, when the district court found that plaintiff's position was "unsupportable," "unfounded in the record," "dangerously borders on frivolous" and "without justification." Id.

S&R has made no showing that Vira's failures to comply with his contractual obligations to pay the Secured Claims and to indemnify S&R for the payment it made to Quaker rise to this level of bad faith or vexatiousness. First, a mere breach of contract is not inherently an abuse of the judicial process that would warrant the court's exercise of its limited discretionary power. See Chambers, 501 U.S. at 54 (footnote omitted) ("[T]he District Court did not attempt to sanction petitioner for breach of contract, but rather imposed sanctions for the fraud he perpetrated on the court and the bad faith he displayed toward both his adversary and the court throughout the course of the litigation."); id. at 74 (Kennedy, J., dissenting) (citing Marek v. Chesny, 473 U.S. 1, 35 (1985)) ("A court's inherent authority extends only to remedy abuses of the judicial process. By contrast, awarding damages for a violation of a legal norm, here the binding obligation of a legal contract, is a matter of substantive law . . . ."). The remedy for breach of an obligation to pay money is to seek damages for the delay. La. Civ. Code art.

1994; see Med Vision, Inc. v. Medigain, LLC, No. 3:15-CV-77-L, 2017 WL 1190494, at *20 (N.D. Tex. Mar. 31, 2017) ("garden-variety breaches of" settlement agreement, such as allegedly "willful and intentional breaches" of the confidentiality provision, "purposeful delays" in executing formal settlement documentation and "expressed intent to not comply with their payment obligations, . . . would not warrant the imposition of sanctions even if substantiated").

Second, the settlement agreement imposes no particular process or time table by which Vira must comply with the obligations to pay the Secured Claims and indemnify S&R. Performance of an obligation not subject to a term is due immediately. La. Civ. Code art. 1777. The settlement agreement was originally dictated into the record on February 28, 2018. It was reduced to writing and signed the next day, on March 1, 2018. S&R paid Quaker for its Secured Claim two months later, on May 2, 2018. S&R filed its second motion to enforce the settlement on May 8, 2018. S&R concedes that Vira has complied with some of the obligations imposed in the settlement agreement; specifically, by making the first four monthly payments to S&R. No evidence has been submitted concerning the reasons for Vira's delay in paying the Secured Claims. On this record, I cannot characterize Vira's actions as vexatious, wanton, oppressive or an abuse of the judicial process, rather than as simply a garden-variety breach of contract.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the motion be GRANTED IN PART AND DENIED IN PART as described above and that judgment be entered in favor of S&R Development, Inc. ("S&R") and against Arvind Mike Vira, Airport Motel, L.L.C., and 1300 Holiday Inn Airport, LLC (hereinafter collectively referred to as "Vira"), enforcing the parties' settlement agreement as written without the additional obligations sought by S&R; specifically, requiring Vira to:

(1) make payment to all creditors of the Holiday Inn Full Service Hotel located in Kenner, Louisiana (the "HIFS Property," the legal description of which is attached to the settlement agreement as Exhibit A) that have filed liens on the HIFS Property as of February 8, 2018 (the "Secured Claims");

(2) indemnify, defend and hold S&R harmless forever for any claims brought relating to the Secured Claims and against any loss from any claims, demands or actions that may already have been made or that may hereafter be made against S&R by any individual or entity holding a Secured Claim in relation to the HIFS Property or by anyone on their behalf, for the purpose of enforcing or pursuing a further claim for injuries or damages for said Secured Claim, including paying the full sum of Five Thousand Eight Hundred Two Dollars and Sixty-Eight Cents ($5,802.68) to S&R as indemnification for the amount it paid to the Secured Claimant, Quaker Window Products Co.;

(3) pay S&R the sum of Four Hundred Thousand Dollars ($400,000.00) (the "Settlement Payment") in monthly installments of Fifty Thousand Dollars ($50,000.00) per month, beginning on March 15, 2018 and continuing on the fifteenth (15th) day of each month until paid in full, via certified checks made payable to S&R Development, Inc. and delivered to the office of its counsel.  If, by July 15, 2018, Vira is able to make payment to S&R in the manner set forth in the preceding sentence, the amount of Three Hundred Seventy-Seven Thousand Two Hundred and Fifty Dollars ($377,250.00), with due credit given for prior payments made towards the Settlement Payment, Vira will be relieved of the obligation to make full payment of the final Twenty-Two Thousand Seven Hundred and Fifty Dollars ($22,750.00) owed towards the Settlement Payment; and

(4) as Vira makes payments to the creditors for the Secured Claims, he shall obtain releases from the creditors releasing all claims relating to the HIFS Property against both Vira and S&R, and shall provide copies of each obtained release to S&R once received from each creditor.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this \_\_\_22nd\_\_\_ day of June, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.