UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARVIND MIKE VIRA                                CIVIL ACTION

VERSUS                                          NO. 17-5858 c/w
                                                     17-6211

S&R DEVELOPMENT, INC.                           SECTION "F"(2)

## REPORT AND RECOMMENDATION

Judgment creditor S&R Development, Inc. ("S&R") filed a motion to enforce judgment and for sanctions. Record Doc. No. 49. Arvand Mike Vira, Airport Motel LLC and 1300 Holiday Inn Airport LLC, the judgment debtors (hereinafter collectively "Vira"), filed a timely opposition memorandum. Record Doc. No. 55. The motion was referred to a United States Magistrate Judge for findings and recommendation. Record Doc. No. 56.

Upon movant's request, consideration of the motion was twice continued as the parties attempted to resolve the matter without further court action. Record Doc. Nos. 58-63. Counsel have now advised that part of what was originally at issue has been amicably resolved, but some of it has not. Record Doc. No. 64. Specifically, movant's counsel states that "S&R's claim regarding attorney fees[], costs, and expenses incurred to date" has been resolved. S&R further advises, however, that the portion of its motion concerning Vira's "obligation to, (sic) pay and settle the claims of the Secured Claimants, which have resulted

in [five] lawsuits filed by the Secured Claimants in state court[1]" and to provide "confirmation that [Vira] paid the Secured Claimants" has not been resolved. Id.

In addition, counsel for Vira has advised that (1) a "resolution of the amount due to S&R was reached and that amount [$36,263.47] has been paid[;]" (2) a "resolution of the amount due to [the three following] lienholders was reached and the amount has been paid: Paragon Distribution, L.L.C. [was paid] $31,441.94[;] Walker Iron Works [was paid] $5,000.00[; and] Greg Lail, L.L.C. [was paid] $54,598.54[;] (3) "[a]n agreement in principle has been reached regarding payment to the following lienholders and payment is pending agreement on language to be contained in a mutual release document: . . . LaPlace Concrete [will be paid] $10,489.00[; and] Forsythe Fence Co., L.L.P. [will be paid] $3,036.00[;] and (4) "[l]itigation is pending with the following lienholders whose debt or amount of debt is in dispute: Architectural Concepts, Inc.[;] E&T Construction, Inc.[; and] Defrene Building Materials, Inc. Undersigned counsel is continuing to reach agreements with those parties." Record Doc. No. 65 at pp. 1-2. Counsel also attached copies of cashier's checks that were made payable to some of the parties with whom resolution was reached. Id. at pp. 3-6.

On May 20, 2020, I conducted a status conference by telephone to determine what specific issues, if any, remained for determination by the court after the parties' most recent efforts amicably to resolve this matter. Record Doc. No. 66. Counsel agreed that only two claims by Secured Claimants, Architectural Concepts, Inc. and Dufrene Building Materials,

---

[1] The five lawsuits are listed in the motion papers at Record Doc. No. 49-1 at p. 4. They involve claimants Dufrene Building Materials, Inc.; LaPlace Concrete Inc.; Architectural Concepts, Inc.; Paragon Distribution, LLC; and Lockhart Truck Service and contractor, Inc.

Inc., remain unpaid; that both claims are in dispute and being litigated in cases pending in the 24th Judicial District Court for the State of Louisiana in Jefferson Parish, though no trial dates have been set; that Vira has undertaken S&R's defense in those matters through his counsel of record in this court; and that "consent judgments" between Vira and S&R have been entered providing that Vira must defend and indemnify S&R for any amounts due to those two claimants. Counsel for Vira stated that efforts to negotiate agreements as to those two claims are ongoing. Counsel for S&R requested that the pending motion be decided as to those two claimants, since they have not yet been paid and based upon concerns that S&R may incur future expenses if they are not paid quickly.

For the following reasons, I find that the nature of the relief sought by S&R does not require an evidentiary hearing at this time and that what remains of the motion may be resolved as a matter of law and undisputed fact. Therefore, it is unnecessary to issue proposed findings of fact, and a report and recommendation is sufficient. I recommend that S&R's motion be DISMISSED AS MOOT IN PART and DENIED IN PART as follows.

After the parties reached a settlement of the captioned consolidated actions, the settlement was enforced on S&R's previous motion, and a judgment in S&R's favor was entered. Record Doc. No. 44. The judgment imposed several obligations upon Vira. Two of the obligations required Vira to make specific direct payments, one to a secured claimant, Quaker Window Products, and another by installments to S&R itself. S&R asserts no issue in these motion papers concerning those two substantial monetary obligations of the judgment. Thus, it appears that Vira has satisfied those significant portions of the judgment.

As to Vira's other obligations, the judgment required Vira "to (1) make payment to all creditors of the [subject hotel project] that have filed liens on the [subject] property as of February 8, 2018 (the 'Secured Claims'); (2) indemnify, defend and hold S&R harmless forever for any claims, demands or actions that may already have been made or that may hereafter be made against S&R by any individual or entity holding a Secured Claim . . . . and (4) as Vira makes payments to the creditors for the Secured Claims, he shall obtain releases from the creditors . . . , and shall provide copies of each obtained release to S&R once received from each creditor." Record Doc. No. 44. As noted above, S&R's remaining claims in its motion are that Vira has not yet paid all Secured Claims or acquired releases from them confirming that he has done so. Record Doc. No. 64.

In the opposition memorandum, Vira acknowledges on one hand that he "has not yet fulfilled all [his] obligations under the agreement, . . . ." Record Doc. No. 55 at p. 3, a fact he attributes to his "struggle to resolve financial difficulties" detailed in the memorandum, including most recently the business disruptions caused by the COVID-19 situation. Id. On the other hand, however, Vira asserts that, through his negotiation efforts since entry of the judgment, "settlement of the liens is very nearly complete;" that of the five lawsuits identified in the motion, he has settled three, made payments in two and "agreed unconditionally to reimburse" S&R's payment of a judgment in another, leaving only two of the five lawsuits unresolved; and that "[s]ince February 2019, [he] has undertaken S&R's defense directly in all litigation." Id. at pp. 2-3 (emphasis added). S&R has not disputed these representations.

-4-

The law applicable to judgment enforcement in this court begins with Fed. R. Civ. P. 69(a), which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure <u>on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state</u> where the court is located, but <u>a federal statute governs</u> to the extent it applies (emphasis added).

Federal statutory law provides that "[a] judgment may be enforced by any of the remedies set forth in this subchapter [Ch. 176 of Title 28 of the United States Code]," which include writ of execution for seizure and sale of a judgment debtor's property and garnishment. 28 U.S.C. §§ 3202 <u>et seq.</u> Section 3202(a) also authorizes this court to "issue other writs . . . necessary to support such remedies" pursuant to the All Writs Act, 28 U.S.C. § 1651, which broadly authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The methods of judgment enforcement provided by Louisiana law vary with whether the judgment to be executed is a money judgment or a judgment requiring the judgment debtor to take or refrain from taking some action. The judgment in this case has both monetary and non-monetary components.

Money judgments are enforced "by a writ of fieri facias directing the seizure and sale of property of the judgment debtor," La. Code Civ. Proc. arts. 2291 <u>et seq.</u>, or by garnishment of a third person of "the property he has in his possession or under his control [including wages] belonging to the judgment debtor," La. Code Civ. Proc. arts. 2411 <u>et seq.</u>, with the

proceeds of such enforcement action to pay off judgment creditors. S&R's motion does not request garnishment or issuance of a writ of fieri facias.

As to non-monetary judgments, Louisiana law provides that "when the judgment orders a defendant to do or refrain from doing an act other than the delivery of a thing, and he refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory means the following remedies: (1) A writ to distrain the property; (2) An order adjudging the disobedient party in contempt; or (3) A judgment for any damages he may have sustained. . . ." La. Code Civ. Proc. art. 2502. In addition, "if a judgment directs a party to perform a specific act, and he fails to comply within the time specified, the court may direct the act to be done by the sheriff or some other person appointed by the court, at the cost of the disobedient party, and with the same effect as if done by the party." La. Code Civ. Proc. art. 2504.

S&R's motion does **not** request that this court utilize either of the foregoing potent judgment enforcement mechanisms specifically provided by the Louisiana statute and made applicable to this case by Federal Rule 69(a). It does not request that Vira be held in contempt. It does not request that a third party, like the United States Marshal, be designated to do what Vira has not done, at Vira's expense. Thus, neither of these remedies appears appropriate or will be recommended.

Instead, S&R seeks an order of the court, apparently in the nature of a writ in aid of this court's jurisdiction to enforce its judgments of the type contemplated by 28 U. S. C. §§

3202(a) and 1651. The order requested by S&R has six (6) components, which I address as follows.

First, the motion requests that Vira be compelled to adhere to the terms of the settlement agreement and judgment, including its defense and indemnity provision. Record Doc. No. 49-1 at p. 11 ¶ (a). I recommend that this portion of the motion be denied as duplicative and redundant of the judgment itself, which is a court order that already includes this requirement. Judgment enforcement does not entail parroting what has already been ordered by the judgment itself. Instead, it involves use of the mechanisms described above, which S&R has eschewed, such as seizure and sale of the judgment debtor's assets to pay the debt or a coercive civil contempt citation that imprisons the debtor or imposes accruing daily fines until performance occurs. See Matter of Terrebonne Fuel & Lube, Inc., 108 F.3d 609, 612 (5th Cir. 1997) ("Contempt proceedings are classified as either criminal or civil, depending on their primary purpose . . . . If, . . . , the purpose of the contempt order is to coerce compliance with a court order or to compensate another party for the contemnor's violation, the order is considered to be civil.").

The second and third components of S&R's requested relief seek the following: "b.) "to the extent [Vira] ha[s] not already paid the Secured Claimants, . . . [he] be compelled to make direct contact with each of the Secured Claimants within ten days of the entry of an Order on this Motion to make arrangements for making said payment; c.) That [Vira] be compelled to enter into a written agreement with each of the Secured Claimants within said ten days memorializing the terms of said payment arrangements; . . . " Record Doc. No. 49-1

at p. 11 ¶¶ (b-c). By seeking a time limit that was not included in the judgment, these requests seek an order in aid of this court's jurisdiction to enforce the judgment and ensure that it is satisfied of the type contemplated by 28 U.S.C. §§ 3202(a) and 1651.

I recommend that the motion be denied as moot in this regard. Vira has already made contact with all Secured Claimants and paid all of them, except the two that are in dispute and actively being litigated, including with attempts to negotiate their settlement. Litigation of disputed claims is contact. To compel Vira to pay those claims by a deadline that neither the judgment nor the settlement agreement imposed would undermine the orderly and just resolution of those claims in the state court. Accepting the joint representations of counsel made during the recent status conference as true, the "consent judgments" entered in those two state court cases confirm and satisfy the requirements of this court's judgment. This requested relief is unnecessary.

S&R's concerns that it may incur additional expenses or exposure if the two remaining claims are not quickly resolved provide no reason to issue the order it now seeks. The judgment remains in place. If S&R in fact incurs new expenses, none of which currently exist, it may file a new motion to enforce the judgment, providing evidence of any such new expenses.

The fourth and fifth components of the requested relief seek an order requiring Vira to reimburse S&R for attorneys' fees, costs and expenses incurred in defense of the five identified lawsuits by Secured Claimants and in reopening this case to pursue this motion. Record Doc. No. 49-1 at p. 11 ¶¶ (d-e). The most recent letter of movant's counsel indicates

that the parties have amicably resolved this element of their dispute. Record Doc. No. 64. Accordingly, I recommend that this portion of the motion be dismissed as moot.

Finally, the sixth component of the order S&R seeks is that Vira "be assessed with monetary sanctions for . . . willful, vexatious and bad faith refusal to honor and carry out the terms of the settlement agreement and . . . judgment." Record Doc. No. 49-1 at p. 11 ¶ (f). Neither the judgment nor the underlying settlement agreement provided for recovery of attorneys' fees or costs for failure to carry out the settlement agreement or perform the judgment obligations. Thus, S&R relies upon the court's inherent authority for its request for such an award. The Fifth Circuit has held that "the rules of civil procedure [do] not displace a district court's power to shift fees for bad faith, wanton and vexatious conduct in the prosecution of the case." NASCO, Inc. v. Calcasieu Tel. & Radio, 894 F.2d 696, 703-04 (5th Cir. 1990), aff'd sub nom., Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (emphasis added); accord F.D.I.C. v. Maxxam, Inc., 523 F.3d 566, 590 n. 125 (5th Cir. 2008) (quoting Calcasieu, 894 F.2d at 703-04); Allstate Ins. Co. v. Mader, 201 F. App'x 261, 265 (5th Cir. 2006) (citing Chambers, 501 U.S. at 46). However, "[a] court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting Chambers, 501 U.S. at 46; accord Maxxam, 523 F.3d at 590 n. 124 (quoting Rihner, 41 F.3d at 1005).

The record as a whole and the recitations contained in Vira's opposition memorandum and in the correspondence of counsel are sufficient for me to conclude that Vira's conduct

does not sink to the level of bad faith, wanton behavior or vexatious conduct warranting what should be the rare exercise of the court's inherent sanctioning power. The judgment required much from Vira, the most substantial part of which was the payment of large sums from Vira to S&R over time. Since S&R seeks nothing in this motion relating to those large sums, I must conclude that Vira in fact made those payments and in that way has performed a substantial part of his judgment obligations. Since that time, much of the remainder of Vira's obligations under the judgment appears either to have been accomplished, is in the process of accomplishment through state court litigation and negotiation with the remaining creditors, or – most recently – has been slowed in their ultimate fulfillment by the business disruptions cause by the COVID-19 situation. Under these circumstances, I cannot find the kind of bad faith, vexatiousness or wanton conduct upon which the court's chary exercise of its formidable inherent powers should be exercised. Accordingly, I recommend that S&R's motion should be denied insofar as it seeks monetary sanctions.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the motion of S&R Development, Inc. to enforce judgement, Record Doc. No. 62, be DISMISSED AS MOOT IN PART AND DENIED IN PART as detailed above.

The parties are instructed that failure to file written objections to a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that

the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___22nd___ day of May, 2020.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. MARTIN L.C. FELDMAN**
**and All Counsel of Record**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.